UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JA QUAY EL DERRICK ROBERSON,         Civil No. 07-318 (JNE/AJB)

       Petitioner,
v.         **REPORT AND RECOMMENDATION**

DIRECTOR SINER, and
JOAN FABIAN,

       Respondents.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition is barred by the statute of limitations. The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

On October 23, 2003, Petitioner was convicted of various controlled substance offenses in the state district court for Olmsted County, Minnesota. He was sentenced to 57 months in prison, and he is currently serving his sentence at the Olmsted County Jail, in Rochester, Minnesota. (Petition, [Docket No. 1], p (2).)

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner did not file a direct appeal following his conviction and sentencing, and he has never filed any application for post-conviction relief in the Minnesota state courts. (Petition, pp. (2)-(3), ¶s 8-10.)

Petitioner's habeas corpus petition lists six claims for relief: (1) "violation of the Constitution," (2) "violation of the Peace and Friendship Treaty of Morocco and the United State[s]," (3) "discrimination of sentence," (4) "conviction by coerced of public defender," (5) "D.O.C. contract void ab initio," and (6) "Uniform Commercial Code." (Petition, pp. (5) - (6), ¶ 12, and addendum.)

The Court finds, however, that Petitioner's habeas corpus petition was not filed within the one-year statute of limitations period prescribed by federal law. Therefore, the merits of Petitioner's claims will not be addressed, and the Court will recommend that this action be summarily dismissed.

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the

> Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no indication that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively applicable constitutional right, or any new evidence that could not have been discovered soon enough to file a timely petition. Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner is challenging a judgment entered against him on October 23, 2003. (Petition, p. (2), ¶ 2.) Because he did not pursue a direct appeal, that judgment became final, for statute of limitation purposes, upon "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...." Rule 28.02,

subd. 4(3). Thus, the deadline for seeking direct appellate review of Petitioner's conviction and sentence was January 21, 2004 – 90 days after the judgment was entered. The deadline for seeking federal habeas corpus relief expired one year later, on January 21, 2005. Petitioner did not file his current petition, however, until January 24, 2007, which was more than two years after the limitations period had expired. It is therefore readily apparent that the instant petition is time-barred, unless the statute of limitations was somehow tolled.

The tolling provisions of 28 U.S.C. § 2244(d)(2) obviously cannot help Petitioner, because he has never applied for any post-conviction relief in the state courts. The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when <u>extraordinary circumstances beyond a prisoner's control</u> make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be <u>guarded and infrequent</u>, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it

impossible for him to meet the statute of limitations deadline.

In this case, Petitioner has not identified any extraordinary and wholly external circumstances that prevented him from seeking federal habeas corpus relief in a timely manner. He has merely suggested that he did not know about his right to seek appellate review of his conviction and sentence, and that he was on "medication" that made him "blind to [his] rights." (Petition, p. (6), ¶ 13.) These excuses cannot warrant equitable tolling, as they are neither "extraordinary" nor "wholly external." Furthermore, Petitioner's proffered excuses do not explain why he waited so long, (more than three years), before making any effort to challenge his conviction and sentence. Therefore, the doctrine of equitable tolling is inapplicable in this case.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that this action is time-barred by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this case be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Moreover, because Petitioner is no longer eligible for federal habeas corpus relief, it is further recommended that this action be dismissed with prejudice.[2] Finally, having determined that this action must be summarily dismissed, the

---

[2] The Court notes that none of Petitioner's current claims has ever been presented to any Minnesota state court, which means that even if the instant petition were not time-barred, it would have to be dismissed based on Petitioner's failure to exhaust his state court remedies. See 28 U.S.C. § 2254(c); O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) ("[c]omity... dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief"). The instant case will not be dismissed for non-exhaustion, however, because that might suggest that Petitioner could return to federal court after exhausting his state court remedies. In this case, even if Petitioner were to exhaust his state court remedies, he could not return to federal court with a new habeas

Court will recommend that Petitioner's application to proceed in forma pauperis, ("IFP"), be denied.  See Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2.  Petitioner's application to proceed in forma pauperis, (Docket No. 2), be DENIED;

and

3.  This action be DISMISSED WITH PREJUDICE.

Dated:  January 25, 2007

       s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before February 12, 2007.

---

petition, because his claims would still be barred by the statute of limitations.  For this reason, it is recommended that the action be dismissed with prejudice.